## CIRCUIT COURT OF THE CITY OF RICHMOND

Carol B. Fidler

v.

Accent Personnel, Inc.,
t/a Trend Personnel

May 16, 1988

Case No. LL-767-1

By JUDGE ROBERT L. HARRIS, SR.

Defendant, Accent Personnel, Inc., t/a Trend Personnel, is an employment agency operating in the City of Richmond and is regulated by Title 54, Chapter 24.2 of the Va. Code. On March 24, 1986, Trend Personnel placed the plaintiff, Carol B. Fidler, in employment with George F. Goldberg pursuant to an employment agency contract whereby Trend Personnel received a fee of $2,000.00 for securing this job for Ms. Fidler. Prior to entering into this contract, Trend Personnel warned Ms. Fidler that Mr. Goldberg's two adult children were under psychiatric care and that the working situation would be an unusual one. (At that time the children were not living with Mr. Goldberg).

Tend Personnel sent Ms. Fidler to Mr. Goldberg, her prospective employer, for an extensive interview in his home where he had his office. Although Trend Personnel asserts that this interview lasted for four hours and there is conflicting evidence as to this point, Ms. Fidler admits that the interview lasted at least two hours. During this interview, Ms. Fidler had an opportunity to talk at length with Mr. Goldberg about the prospective position of Administrative Assistant, and she was shown the office where she would work.

In addition to this interview, Ms. Fidler spoke with a prospective co-worker, a woman who had been employed by Mr. Goldberg for some time, and this co-worker explained Mr. Goldberg's peculiarities to Ms. Fidler.

Ms. Fidler accepted the position, signing the contract with Trend Personnel on March 24, 1986. However, after approximately three weeks, she resigned from this job and requested that a portion of the $2,000.00 fee be refunded to her pursuant to Va. Code § 54-872.20(G) (1987 Cum. Supp.).

Ms. Fidler alleges that, although she knew there was a strange situation, she was unaware that Mr. Goldberg's children would be living in the home where she worked and she was unaware that Mr. Goldberg himself was under psychiatric care. She alleges that their mental conditions which resulted in their bizarre behavior made her fearful in her job. In addition, she alleges that the office was dirty, had bugs, and was cramped. Finally, Ms. Fidler asserts that the job was not as represented in that, although she was hired as an Administrative Assistant, she was not given the responsibilities associated with the position.

Trend Personnel refused to refund the $2,000.00 fee, contending that the job found for Ms. Fidler was consistent with her skills and that agents of Trend Personnel did not misrepresent the job to her. Trend Personnel alleges that it sent Ms. Fidler on an extensive interview with Mr. Goldberg and that she had every opportunity to discover any problems with the job. Finally, Trend Personnel points out that since Mr. Goldberg paid the $2,000.00 fee, Ms. Fidler did not suffer any damages and thus is not entitled to recover any portion of the fee.

This case was heard in the General District Court on March 26, 1987, and judgment was granted in favor of Ms. Fidler. Trend Personnel appealed the case to this court, and the court heard evidence and took this case under advisement on March 23, 1988.

Va. Code § 54-872.20(G) (1987 Cum. Supp.) states that:

> Employment shall be considered to be temporary when within twelve weeks after employment commences that employment is terminated by the

employer through no fault of the applicant *or voluntarily by the applicant if the job is not as represented to the applicant.* In such event, the employment agency making the placement shall refund to the applicant the portion of the placement fee that exceeds one-twelfth of the fee for each week or portion thereof that the employment continued. (Emphasis added).

It is the opinion of this court that the agents of Trend personnel did not misrepresent the job to Ms. Fidler. Therefore, at issue is whether Va. Code Section 54-872.20(G) (1987 Cum. Supp.) should be construed to encompass misrepresentations by the employment agency *and* the employer or whether this section applies only to misrepresentations by the employment agency.

It is the opinion of this court that as Title 54, Chapter 24.2 of the Va. Code applies to the regulation of employment agencies, and § 54-872.20 refers to rules regarding placement fees, § 54-872.20(G) applies only to misrepresentations from Trend Personnel and does not include misrepresentations made by Mr. Goldberg.

The court finds as a matter of fact that Trend Personnel did not misrepresent this job to Ms. Fidler. Trend Personnel obtained a job description from Mr. Goldberg and gave it to Ms. Fidler. In addition, Trend Personnel sent Ms. Fidler to Mr. Goldberg's home on an extensive personal interview where she was able to inspect her work environment prior to the fee being paid. Ms. Fidler had ample opportunity to learn the job situation prior to accepting the position. In fact, Ms. Fidler was in a much better position to evaluate the undesirability of the job than Trend Personnel. Neither the Va. Code nor the internal regulations for employment agencies in Virginia impose a duty on an employment agency to investigate the job situation to the extent that would have been necessary to have prevented this situation.

Therefore, the court is of the opinion that Ms. Fidler has failed to prove that Trend Personnel breached any duty owed to her, and this court grants judgment in favor of Trend Personnel.